# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROXANNE SELLARDS,<br><br>                Plaintiff,<br><br>-vs-<br><br>ASSET ACCEPTANCE, LLC., *et al.*<br><br>                Defendant. | Case No. 1:20-cv-2676<br><br>(JUDGE _____)<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1331 (FEDERAL QUESTION JURISDICTION)** |

## NOTICE OF REMOVAL

To: The Clerk and Honorable Judges of the United States District Court Northern District of Ohio.

PLEASE TAKE NOTICE that Defendants MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), ASSET ACCEPTANCE, LLC ("Asset"), ENCORE CAPITAL GROUP, INC. ("Encore"), KIMBERLY A. KLEMENOK ("Klemenok"), and NEVENKA PAVLOVIC ("Pavlovic") (collectively "Defendants") without waiving the right to assert any defenses – including, without limitation, to challenge personal jurisdiction – file this Notice of Removal ("Notice") in accordance with 28 U.S.C. §§ 1441 and 1446 to remove this action from the Court of Common Pleas, sitting in Lake County, Ohio, to this Court, based upon federal question jurisdiction under 28 U.S.C. § 1331. As grounds for removal, Defendants state as follows:

### I. THE STATE COURT ACTION

1. On October 20, 2020, Plaintiff Roxanne Sellards ("Plaintiff") filed a putative class action complaint captioned *Roxanne Sellards v. Asset Acceptance, LLC, et al.*, Case No. 20CV001369, against Defendants in the Lake County, Ohio Court of Common Pleas ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the

summons, complaint ("Complaint"), and all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as Exhibit A.

2. Plaintiff alleges, among other things, that Defendants violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (*See* Complaint at Count II, ¶¶ 74-79). Plaintiff seeks, *inter alia*, actual damages, statutory damages, and attorney's fees and costs. *See* Plaintiff's Complaint at ¶¶ 112-13 and Prayer for Relief.

3. Defendants dispute Plaintiff's allegations, believe Plaintiff's Complaint lacks merit, and deny Plaintiff has been harmed in any way.

4. Asset was served with the State Court Action Summons and Complaint via certified mail on November 5, 2020. *See* Exhibit A.

5. MCM was served with the State Court Action Summons and Complaint via certified mail on November 6, 2020. *See* Exhibit A.

6. Klemenock was served with the State Court Summons and Complaint via certified mail on November 9, 2020. *See* Exhibit A.

7. Pavlovic was served with the State Court Summons and Complaint via certified mail on November 9, 2020. *See* Exhibit A.

8. Encore was served with the State Court Summons and Complaint via certified mail on November 11, 2020. *See* Exhibit A.

9. This Notice is filed within thirty (30) days of each of the Defendants' date of service, and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

10. No further proceedings have been had in the State Court Action in relation to Plaintiff's complaint.

## II. REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331

11. The above-described action is a civil action for which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441. Specifically, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Count Two of the Complaint arises under alleged violations of a federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

12. Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if federal law either creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). A civil action founded on a claim based on a federal statute may be removed regardless of the citizenship of the parties. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 200-01 (6th Cir. 2004).

13. This Court has original jurisdiction of Plaintiff's second cause of action because it "arises under" a federal statute – 15 U.S.C. § 1692 *et seq.*, which is known as the Fair Debt Collection Practices Act.

## III. SUPPLEMENTAL JURISDICTION

14. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.

§ 1367(a). The Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction' . . . ." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997). Although one of several claims does not "arise under" federal law, removal is still appropriate if that claim is transactionally related (i.e. "supplemental") to at least one substantial federal claim. *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395, 1399 (6th Cir. 1995). A single case exists in the constitutional sense whenever the state and federal claims arise from a "common nucleus of operative facts" such that plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

15. Here, all of Plaintiff's causes of action arise out of the same nucleus of operative facts—that is, the alleged collection activity purportedly was in violation of a class action settlement agreement. *See e.g.,* Ex. A, Complaint at ¶¶ 40-50, 67-68, 81-83, 88-90, 94, 98, 102-104, 108. Thus, under 28 U.S.C. § 1367, supplemental jurisdiction of Plaintiff's remaining claims is appropriate. *See Watts v. Enhanced Recovery Corp.*, No. 10-CV-02606-LHK, 2010 U.S. Dist. LEXIS 95708, at *6-7 (N.D. Cal. Sep. 1, 2010) (where federal jurisdiction existed under the Fair Debt Collection Practices Act, the district court had supplemental jurisdiction over remaining state law claims); *see also Turner v. Lerner, Sampson & Rothfuss*, 776 F. Supp. 2d 498, 503 (N.D. Ohio 2011).

## IV. VENUE IS PROPER IN THIS COURT

16. The place where the State Court Action was filed, the Court of Common Pleas for Lake County, Ohio, is located within the Northern District of Ohio – Eastern

4

Division. 28 U.S.C. § 84(c)(2). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

### V. ALL DEFENDANTS CONSENT TO THIS REMOVAL

17. Generally, all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C § 1446(b)(2)(A). In the Sixth Circuit, a notice of removal is effective without individual consent of each defendant, so long as at least one attorney of record signs the notice verifying that the remaining defendants consent to removal. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004; *see also City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 815 (N.D. Ohio 2008).

18. All named Defendants Asset Acceptance, LLC, Midland Credit Management, Inc., Encore Capital Group, Inc., Kimberly A. Klemenok, and Nevenka Pavolvic are joining this Notice of Removal. Undersigned counsel for Defendants hereby certifies that all Defendants consent to the removal of this action.

### VI. DEFENDANTS HAVE SATISFIED 28 U.S.C. § 1446

19. Pursuant to 28 U.S.C. § 1446(a), this Notice is accompanied by true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action.

20. As set forth above, this Notice is both timely and proper under 28 U.S.C. § 1446(b).

21. Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice of this removal to Plaintiff and shall file a copy of this Notice with the Clerk of the Lake County Court of Common Pleas, which shall effect the removal and the State Court Action shall

5

proceed no further.  (A true and accurate copy of Notice of Filing Notice of Removal is attached hereto as Exhibit B).

22. No previous application has been made for the relief requested in this Notice.

23. WHEREFORE, Defendants remove this action, now pending in Lake County Court of Common Pleas, for the State of Ohio, to this Court for all purposes, including trial.  If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

Respectfully submitted,

/s/ *H. Toby Schisler*
H. Toby Schisler, Esq. (0068306)
DINSMORE & SHOHL, LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone:  (513) 977-8200
Fax:     (513) 977-8141
toby.schisler@dinsmore.com
*Counsel for Defendants Asset Acceptance, LLC, Midland Credit Management, Inc., Encore Capital Group, Inc., Kimberly A. Klemenok, and Nevenka Pavlovic*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing **Notice of Removal** was served upon the following via e-mail and the Court's CM/ECF filing system on December 1, 2020.

>Anand N. Misra
>The Misra Law Firm, LLC
>3695 Green Road, Suite 100
>Beachwood, Ohio 44122
>Ph: (216) 752-3330
>misraan@misralaw.com
>
>Robert S. Belovich
>Robert S. Belovich, Attorney, LLC
>8227 Brecksville Road, Suite 201
>Ph: (440) 503-8779
>Rsb@belovichlaw.com
>
>***Counsel for Plaintiff***

>>>>>>/s/ ***H. Toby Schisler***

17158552.1