# 20CV001359 SELLARDS, ROXANNE vs . ASSET ACCEPTANCE LLC et al JPO

- Case Type:
- (CV) CIVIL
- Case Status:
- Open
- File Date:
- 10/30/2020
- DCM Track:
- 
- Action:
- CONTRACT
- Status Date:
- 11/10/2020
- Case Judge:
- O'DONNELL, JOHN P.
- Next Event:

**All Information** | **Party** | **Docket**

## Docket Information

| Date | Docket Text |
|---|---|
| 10/30/2020 | Initial civil action deposit. Receipt: 443000 Date: 11/02/2020 |
| 10/30/2020 | Class Action Complaint, instructions for service, case designation sheet, pre-trial order, filed. Receipt: 443000 Date: 11/02/2020 |
| 10/30/2020 | Clerk fees Receipt: 443000 Date: 11/02/2020 |
| 11/02/2020 | Issue Date: 11/02/2020<br>Service: Summons, complaint and pre-trial order - certified mail<br>Method: CERTIFIED MAIL<br>$8.80 Postage $2.00 Writs<br><br>ASSET ACCEPTANCE LLC<br>CO CANCON BUSINESS PROCESS SERVICES INC<br>7530 LUCERNE DR SUITE 303<br>MIDDLEBURG HEIGHTS, OH  44130<br>Tracking No: 9414726699042163411353<br><br>MIDLAND CREDIT MANAGEMENT INC<br>CORP. SERVICE COMPANY<br>50 WEST BROAD ST SUITE 1330<br>COLUMBUS, OH  43215<br>Tracking No: 9414726699042163411360<br><br>ENCORE CAPITAL GROUP INC<br>350 CAMINO DE LA REINA<br>SUITE 100<br>SAN DIEGO, CA  92108<br>Tracking No: 9414726699042163411377<br><br>KLEMENOK, KIMBERLY A<br>P.O. BOX 30968<br>MIDDLEBURG HEIGHTS, OH  44130<br>Tracking No: 9414726699042163411384<br><br>PAVLOVIC, NEVENKA<br>P.O. BOX 30968<br>MIDDLEBURG HEIGHTS, OH  44130<br>Tracking No: 9414726699042163411391 |

**EXHIBIT A**

| Date | Docket Text |
|---|---|
| 11/02/2020 | Issue Date: 11/02/2020<br>Service: Summons, complaint and pre-trial order- certified mail<br>Method: CERTIFIED MAIL<br>$8.80 postage $2.00 Writ<br><br>OHIO ATTORNEY GENERAL<br>CONSUMER PROTECTION SECTION<br>30 E BROAD ST 14TH FL<br>COLUMBUS, OH 43215<br>Tracking No: 9414726699042163411407 |
| 11/02/2020 | Additional parties deposit. Receipt: 443000 Date: 11/02/2020 |
| 11/09/2020 | JOURNAL ENTRY FILED: The within cause is hereby ordered transferred from the docket of the Honorable Patrick J Condon to the docket of the Honorable John P O'Donnell. |
| 11/10/2020 | Certified RR# *2163411407 * to **Ohio Attorney General returned and filed. Service date *11-06-20 |
| 11/10/2020 | Certified RR# **2163411353 to *Asset Acceptance LLC * returned and filed. Service date *11-5-20 ya |
| 11/10/2020 | Certified RR# **2163411360 to Midland Credit Management I ** returned and filed. Service date *11-5-20 |
| 11/19/2020 | Certified RR# **2163411377 to **Encore Capital Group Inc returned and filed. Service date *11-11-20 |
| 11/23/2020 | Certified RR# ** 2163411384 to *Kimberly A Klemenok* returned and filed. Service date *11-09-20 |
| 11/23/2020 | Certified RR# *2163411391 * to *Nevenka Pavlovic * returned and filed. Service date *11-09-20 |

## IN THE COURT OF COMMON PLEAS
## LAKE COUNTY, OHIO

Roxanne Sellards
118 N. Mechanic St.
Ashland, OH 44805

      **Plaintiff**

vs.

Asset Acceptance, LLC
Midland Credit Management, Inc.
c/o Canon Business Process Services, Inc.
7530 Lucerne Drive, Suite 303
Middleburg Heights OH 44130

      **And**

Midland Credit Management, Inc.
Corporation Service Company
50 West Broad Street, Suite 1330
Columbus OH 43215

      **And**

Encore Capital Group, Inc.
350 Camino de la Reina, Suite 100
San Diego, California 92108

      **And**

Kimberly A. Klemenok
P.O. Box 30968
Middleburg Heights, OH 44130

      **And**

Nevenka Pavlovic
P.O. Box 30968
Middleburg Heights, OH 44130

      **Defendants.**

20CV001359
PATRICK J. CONDON

FILED VIA EMAIL
DATE 10/30/2020   TIME 10:54 AM
MAUREEN G. KELLY, CLERK OF COURTS

**CLASS ACTION COMPLAINT**
JURY DEMAND ENDORSED HEREON

## Introduction

1. The claims in this case originate from a dishonored settlement reached in a consumer class action. A copy of the settlement agreement (hereafter "Agreement") is attached as Exhibit 1.

2. Venue is proper in this court because the Agreement provides: "The Lake County. Ohio Court of Common Pleas will retain jurisdiction with respect to the consummation, implementation. enforcement. interpretation. performance. and administration of the Agreement. The Settling Panics agree to submit to the Court's jurisdiction for the purposes of implementing and enforcing the Settlement."

3. In the settlement, class members (who are all Ohio consumers) were promised certain benefits, including a promise by defendants to cease collection activity in courts.

4. To obtain defendants' promise, class members provided valuable consideration to defendants by releasing claims under consumer protection statutes.

5. Defendants have violated this promise and have undertaken prohibited collection activity in courts against class members.

6. Defendants commenced such prohibited collection activity soon after the Agreement became effective.

7. The Agreement unambiguously identified class members.

8. The Agreement unambiguously identified actions that defendants were prohibited from taking.

9. Thus, defendants knew that they were prohibited from taking collection actions in courts against class members.

10. Defendants knew that they could not legally obtain the relief they sought in such court collection actions.

11. Yet, defendants knowingly took such prohibited collection actions in court, and concealed from Ohio courts the fact that they were barred from taking such actions in the court.

12. Defendants have engaged in a pattern and practice of violating settlement agreements reached with consumers as well as regulatory agencies.

13. Examples of such pattern and practice of defendants' behavior in violating settlements are: *Bureau of Consumer Financial Protection v. Encore Capital Group, Inc. et. al*, U.S. Dist. Ct. So. Cal. Case No. 3:20-cv-01750-GPC-KSC, and *Escobar v. Midland Credit Mgmt.*, 2020 U.S. Dist. LEXIS 164043 (Sept. 9, 2020).

14. Plaintiff and the class of Ohio consumers she seeks to represent in this case have all been harmed, and continue to be harmed, by defendants' unlawful collection actions taken in Ohio courts.

## The Parties

15. Plaintiff Roxanne Sellards is a natural person who was, at all pertinent times, a resident of Ohio, and against whom defendants took actions in an Ohio court.

16. Other class members are also natural persons against whom defendants took actions in an Ohio court.

17. The debt, as it relates to plaintiff, that was the subject of the Agreement and which defendants have sought to collect is an alleged obligation to pay money that arose out of transactions undertaken primarily for personal, family, or household purposes.

18. The debt, as it relates to other class members, that was the subject of the Agreement and which defendants have sought to collect is also an alleged obligation to pay money that arose out of transactions undertaken primarily for personal, family, or household purposes.

19. The debt collection activities and transactions by defendants with plaintiff and other class members, in connection with the alleged debt, were primarily for personal, family, or household purposes.

20. For these reasons, the alleged debt that is the subject of this complaint is consumer debt within the meaning of 15 U.S.C. § 1692a(5), and the transactions between defendants and plaintiff and other class members are "consumer transactions" within the meaning of R.C. § 1345.01(A).

21. Defendants Asset Acceptance LLC, Midland Credit Management, Inc. (MCM"), Encore Capital Group ("Encore Capital") are affiliates engaged in the business of debt collection.

22. The nature of the relationship between Asset, MCM and Encore Capital and their businesses is as recently described by the Bureau of Consumer Financial Protection ("CFPB"):

> Encore Capital Group, Inc. (Encore Capital) is a limited-liability company incorporated in Delaware. Its principal place of business is in San Diego, California. At all times relevant to this Complaint, Encore Capital has transacted business in this district.

> Midland Funding, LLC (Midland) is a wholly owned subsidiary of Encore Capital with its principal place of business in San Diego, California. At all times relevant to this Complaint, Midland has transacted business in this district.
>
> Midland Credit Management, Inc. (MCM) is a wholly owned subsidiary of Encore Capital with its principal place of business in San Diego, California. At all times relevant to this Complaint, MCM has transacted business in this district.
>
> Midland and MCM operate in concert with one another and under the direct supervision and control of Encore Capital to purchase and collect consumer debt.
>
> Asset Acceptance Capital Corp. (Asset) is a wholly owned subsidiary of Encore Capital with its principal place of business in San Diego, California. Asset operates under the direct supervision and control of Encore Capital to purchase and collect consumer debt. At all times relevant to this Complaint, Asset has transacted business in this district.
>
> Together, Defendants (collectively, Encore) form the largest debt buyer and collector in the United States. Its annual revenue is more than $1 billion, and its annual net income is more than $75 million.
>
> According to Encore Capital's 2018 10-K, it "primarily" purchases portfolios of defaulted debt and collects the debt from consumers. Midland, MCM, and Asset have no notable business purpose aside from purchasing and collecting consumer debt at Encore Capital's direction. Because each Defendant's "principal purpose" is the collection of consumer debt, each Defendant is a "debt collector" under the FDCPA. 15 U.S.C. § 1692a(6).

*Bureau of Consumer Financial Protection v. Encore Capital Group, Inc. et. al*, U.S. Dist. Ct. So. Cal., Case No. 3:20-cv-01750-GPC-KSC; Doc. 1: Complaint filed Sept. 8, 2020.

23. Asset Acceptance Capital Corp. operates a consumer debt collection business through wholly owned subsidiaries including Asset Acceptance LLC ("Asset").

24. In 2013, Asset Acceptance Capital Corporation merged into and became a part of Encore Capital. Asset became a subsidiary of Encore Capital.

25. Asset and MCM operate in concert with one another and under the direct supervision and control of Encore Capital to purchase and collect consumer debt.

26. Defendant Kimberly A. Klemenok is a "Managing Attorney" employed by MCM at its office in Middleburg Heights, OH. Ms. Klemenok took actions against plaintiff and other class members that are prohibited by the Agreement.

27. Defendant Nevenka Pavlovic is an "In House Counsel" employed by MCM at its office in Middleburg Heights, OH. Ms. Pavlovic took actions against plaintiff and other class members that are prohibited by the Agreement.

## Facts

28. On June 6, 2008, defendant Asset Acceptance LLC filed a lawsuit in the Painesville Municipal Court against an Ohio consumer, Sean Caszatt, to collect a credit card debt. Painesville Municipal Court, Lake County, Ohio, Case No. CVF 0801292.

29. On July 9, 2008, Mr. Caszatt filed an Answer and Counterclaim asserting that Asset had filed against him, and others, time barred lawsuits and by so doing violated the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq., and the Fair Debt Collection Practices, Act, 15 U.S.C. 1692 et seq.

30. In addition to Asset, the counterclaim named, as additional counterclaim defendants, its parent Asset Acceptance Capital Corp., and its affiliates Asset Acceptance Corp., Asset Acceptance Holdings, LLC, RBR Holding Corp., and AAC Investors, Inc.

31. Thereafter, the parties engaged in extended discovery and vigorously litigated the case in the Lake County Common Pleas court, two times in the Ohio Eleventh District Court of Appeals (Case Nos. 2009-L-090 and 2011-L-080) and in the U.S. District Court for the Northern District of Ohio (Case No: 1:12-cv-02423, Judge J. Solomon Oliver, Jr.). In a related matter the Eleventh District Appeals Court also granted writs of mandamus and procedendo. *State ex rel. Caszatt v. Gibson*, 2013-Ohio-213.

32. On March 31, 2010, the Ohio Eleventh District Appellate Court reversed the trial court and ordered a class to be certified. *Asset Acceptance L.L.C. v. Caszatt*, 2010-Ohio-1449.

33. On June 10, 2011, in accordance with the appellate mandate, the Lake County common pleas court entered a judgment, stating in relevant part:

> The Court hereby certifies the class as follows:
>
> all persons against whom Asset Acceptance LLC has filed a lawsuit in Ohio, to collect a credit card debt, where the credit card agreement contained a choice of law provision, applying the law of a state other than Ohio. Further, the lawsuit was filed on or after June 6th, 2006, and was filed after the statute of limitations had expired under the law of Ohio or under the law of the choice-of-law state.
>
> Caszatt shall serve as class representative and Attorneys Anand N. Misra and Robert S. Belovich shall serve as class counsel.

*Judgment Entry*, 6/10/2011, pg. 1 (attached hereto as Exhibit 2).

34. In October 2014, Asset and Mr. Caszatt, acting on behalf of the class and himself, negotiated the details of a settlement and ultimately executed the Agreement.

35. The Agreement became effective, by its terms, on April 6, 2015.

36. Terms of the Agreement are incorporated herein.

37. Asset is a signatory to the Agreement, and the other defendants are identified as Asset's "Related Parties" who are direct beneficiaries of the release of claims by class members in exchange for the benefits and promises made by Asset in the Agreement.

38. The Agreement obligated Asset to pay $500,000.00 to the Class Administrator for distribution to some of the class members. The Agreement also provided that Asset Acceptance would cease new collection activity in courts against class members who did not receive a share of the settlement money.

39. Ms. Sellards is a class member as defined in the Agreement. She is listed as a member of the Settlement Class in a worksheet of class members that was submitted by Asset to the Settlement Administrator and sent to class counsel.

40. Ms. Sellards is among the group of class members that did not receive settlement money and who were entitled to the cessation of collection activity in court by Asset.

41. Despite its obligation under the Agreement to cease collection activity in court, on February 10, 2020, Asset filed a "Motion to Revive Dormant Judgment" against Ms. Sellards in the Morrow County Municipal Court Case No. 2008CVF325. Motion and related documents are attached as Exhibit 3. The online case docket is attached as Exhibit 4, and is available online at https://morrowcountymunict.org/sccv-statusd.php?recid=1623.

42. MCM employee Ms. Klemenok signed the aforementioned Motion to Revive Dormant Judgment and a demand to have the motion served upon Ms. Sellards.

43. MCM employee Ms. Pavlovic filed the aforementioned motion along with the service demand.

44. Asset, MCM, Ms. Klemenok, and Ms. Pavlovic took the actions necessary to cause the filing of the aforementioned motion in concert with one another, and under the direct supervision, control and direction of Encore Capital.

45. The Clerk of Courts for the Morrow County Municipal Court mailed the motion to Ms. Sellards in accordance with Asset's service demand.

46. Ms. Sellards was compelled to expend money and other resources in response to Asset's motion, including for retention of counsel.

47. On March 27, 2020, Ms. Sellards filed an opposition to Asset's motion pointing out that the motion violated the terms of the Agreement. Her affidavit in support of her opposition is attached hereto as Exhibit 5 and is incorporated here.

48. The Morrow County Municipal Court set a hearing on Asset's motion for May 26, 2020.

49. Until May 20, 2020, defendants took no action in connection with the motion or to correct their wrongful actions.

50. On May 20, 2020, an MCM employee sent an email to the Morrow County Municipal Court containing a Notice of Withdrawal of Motion to Revive Judgment. MCM did not send a copy of the email to Ms. Sellards' counsel. The Notice was instead served by mail so that it would not be received until the day before the hearing.

## Class Allegations

51. Plaintiff incorporates by reference all allegations of this pleading as if fully rewritten herein.

52. Counts One through Eight are brought on behalf of Plaintiff and other similarly situated Consumers who were entitled to a cessation of court actions in accordance with the Agreement, but who were nonetheless subjected to such court actions on or after April 6, 2015, and to other unlawful collection related practices described in this Complaint.

53. To the extent necessary, as provided in Civil R. 23(C)(5), class members may be treated as a subclass corresponding to the period of limitations and other issues unique to each Count stated below.

54. The number of members in the class is so numerous that joinder of all members is impracticable.

55. Defendants took impermissible court actions to attempt to collect money and cause confusion and harm to class members, including obtaining money through garnishments, including those listed in Exhibit 6 hereto.

56. Certification of a class under Ohio Civil Rule 23 is appropriate in that the classes are so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of the representative parties are typical of the claims of the class, and the representative will fairly and adequately protect the interests of the classes.

57. There are questions of law and fact common to the class, including the court actions taken by defendants in violation of the Agreement, the nature and extent of defendants' collection practices, procedures and policies, and whether these acts, practices, procedures and policies constitute breach of contract, violate consumer protection laws, have unjustly enriched defendants, demonstrates negligent conduct by defendants, or whether class members' privacy was invaded.

58. These common questions of law or fact predominate over any questions affecting only individual members.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

60. The claims and defenses of plaintiff are typical of the claims and defenses of the class members. All are based on the same legal and factual theories and predominant common questions.

61. Plaintiff will fairly and adequately protect the interest of the class. She has a substantial interest in the controversy and has retained experienced counsel who were appointed class counsel in the underlying case. Neither plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

62. Each class member's claim is relatively small, thus it may be impracticable for class members to file individual actions. Also, because defendants are well-capitalized entities and effective presentation of the causes of action asserted requires significant expense, the interest of members of the class in individually controlling the prosecution or defense of separate actions is minimal.

63. Defendants institute the wrongful court actions knowing that Consumers are unaware of their rights. These facts were acknowledged by the Ohio Supreme Court in *Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627, 2016-Ohio-3444, ¶5. A class action is therefore essential to prevent a failure of justice.

64. Defendants maintain a practice of ignoring their obligations under settlement agreements and have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

65. The evidence needed to adjudicate claims on a class-wide basis is readily available from defendants' business records. Thus, the difficulties likely to be encountered in the management of this class action are much less than in the case of many types of actions routinely certified, such as class actions for securities fraud or toxic torts.

## Count One – Breach of Contract

66. Plaintiff incorporates by reference all allegations of this pleading as if fully rewritten herein.

67. Asset entered into the Agreement with plaintiff and other class members.

68. Asset breached the Agreement by filing court actions against plaintiff and other class members when it was obligated, under the Agreement, to refrain from such court actions.

69. Defendants MCM, Encore Capital, Ms. Klemenok, and Ms. Pavlovic directed, caused, collaborated with, or assisted Asset's breach of the Agreement.

70. Plaintiff and other class members had fully performed their obligations under the Agreement by releasing claims against defendants Asset, MCM, Encore Capital, Ms. Klemenok, and Ms. Pavlovic.

71. Plaintiff and other class members were not in breach of the Agreement at the time of Asset's breach of the Agreement.

72. There are no other conditions precedent to the performance of defendant's duty to refrain from the court actions challenged in this case.

73. Plaintiff and other class members suffered damages as a result of Asset's breach of the Agreement, including but not limited to, by having to expend or lose resources as a result of the breach, forgoing money they could have received under the Agreement, or suffering credit damage.

## Count Two - FDCPA

74. Plaintiff incorporates by reference all allegations of this pleading as if fully rewritten herein.

75. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because their principal business purpose is the collection of consumer debt and they use instrumentalities of interstate commerce or the mails in such collection activities, or they regularly collect, directly or indirectly, debts owed or asserted to be owed to someone else.

76. Defendants violated the FDCPA through their consumer debt collection activities.

77. Defendants acted individually and as a joint venture for the commission of debt collection violations, which include, but are not limited to, the following:

a. Defendants violated 15 U.S.C. § 1692e and 1692f when they commenced and maintained court actions against plaintiff and other class members, even though they did not have the legal right to do so.

b. Defendants violated 15 U.S.C. § 1692e and § 1692f when they made false, misleading and/or unfounded representations as to Asset's right to take court actions against plaintiff and other class members.

c. Defendants violated 15 U.S.C. § 1692e and § 1692f when they obtained funds belonging to class members through court actions when they had no legal right to do so.

d. Defendants violated 15 U.S.C. § 1692e, § 1692f and § 1692d when they employed a pattern and practice of taking unauthorized court actions with inadequate investigation of Asset's right to take such court actions, and with the improper motive of cheating unsuspecting or unsophisticated consumers.

78. Plaintiff and the class suffered damages as a result of Defendants' violations.

79. As a result of the violations of the FDCPA, Defendants are liable to plaintiff and the class for declaratory judgment that defendants' conduct violated the FDCPA, injunctive relief to prevent continued unlawful conduct, and actual damages, statutory damages, and costs and attorney's fees.

## Count Three - CSPA

80. Plaintiff incorporates by reference all allegations of this pleading as if fully rewritten herein.

81. In an analogous circumstance, the Ohio Supreme Court has held that debt collectors such as the current defendants are suppliers, and the attempt to collect debt from a consumer such as the plaintiff is a consumer transaction for the purposes of the CSPA. *See, Taylor v. First Resolution Invest. Corp.*, 2016-Ohio-3444, PIF 3265.

82. In attempting to collect a debt from plaintiff and other class members, through the actions described above, defendants knowingly committed unfair, deceptive and/or unconscionable acts or practices.

83. Said acts and practices were committed by defendants with a conscious disregard for the rights and safety of the consumer, and had a great probability of causing substantial harm.

84. As a direct and proximate result of such conduct, plaintiff and other class members have suffered monetary damage, great aggravation, humiliation, frustration, and inconvenience, and other damages to be proven at the trial of this case.

85. These acts of the defendants, to violate the CSPA, have been determined by courts in this state to violate Ohio R.C. § 1345.02 or Ohio RC § 1345.03, and were committed by defendants after such decisions were made available for public inspection under Ohio R.C. § 1345.05(A)(3) including in *Leib v. Thompson, Dunlap & Heydinger, Ltd.*, PIF # 3410; *In re Encore Capital Group, Inc.*, PIF # 3458; *Delawder v. Platinum Financial Services Corp.*, PIF # 10002438; *Foster v. D.B.S. Collection Agency*, PIF # 10002518; *Kelly v. Montgomery Lynch & Assoc.*, PIF # 10002653; *Tinnon v. Wooten*, PIF # 10002953; *State ex rel DeWine v. Royal Oak Financial Services, Inc.*, PIF # 10003097; *Hagy v. Demers & Adams, LLC*, PIF # 10003210.

## Count Four – Negligence

86. Plaintiff incorporates by reference all allegations of this pleading as if fully rewritten herein.

87. Defendants negligently failed to ensure that the court actions they took against class members were permissible under applicable law. As a result, plaintiff and the class have suffered damages.

88. Defendants negligently failed to ensure that factual assertions they made to courts about the Plaintiff and other class members were based upon fact or upon a good faith belief. As a consequence, defendants caused harms and damages to the plaintiff and the class.

89. Defendants negligently failed to ensure that garnishment proceedings were authorized by law. As a result, plaintiff and the class have suffered damages.

90. Defendants negligently failed to ensure that personal and private information of the Plaintiff and other class members was not obtained or disseminated without legal authority. As a result, plaintiff and the class have suffered damages.

91. Asset, MCM and Encore Capital negligently failed to supervise Ms. Klemenok, Ms. Pavlovic, and other employees in the filing of court actions that were impermissible under the Agreement, and in related garnishment proceedings. As a result, plaintiff and the class have suffered damages.

### Count Five – Invasion of Privacy

92. Plaintiff incorporates by reference all allegations of this pleading as if fully rewritten herein.

93. Class members have a reasonable expectation of privacy as to their place of employment, employment activities, and relationship with the employer.

94. Defendants intentionally intruded into such private activities of the class members by falsely communicating to employers that class members were the subject of enforceable judgments and subject to garnishment.

95. Defendants' intrusion, under these circumstances and under false pretenses, would be unwarranted and highly offensive to a reasonable person, and cause such person outrage or cause mental suffering, shame or humiliation.

96. Class members suffer continuing injury from defendants' intrusion.

### Count Six – Unjust Enrichment

97. Plaintiff incorporates by reference all allegations of this pleading as if fully rewritten herein.

98. Defendants obtained money from class members as a result of the unlawful conduct described above.

99. Defendants have been unjustly enriched at the expense of members of the class.

100. Class members have suffered damages as a result.

### Count Seven - Abuse of Process

101. Plaintiff incorporates all allegations of this pleading as if fully rewritten herein.

102. Defendants filed, or caused to be filed, court actions against class members when Asset, as the named plaintiff, lacked legal authority to do so.

103. Defendants filed, or caused to be filed, such court actions for the improper purpose of placing unwarranted pressure upon class members to make payments or face damage to their credit history, for the improper purpose of taking unfair advantage of unsophisticated consumers, or for the improper purpose of obtaining more money from consumers than defendants knew such class members were obligated to pay.

104. Class members have suffered and continue to suffer damage as a direct result of this wrongful use of process.

105. Defendants have therefore committed the tort of abuse of process.
106. Class members were injured as a result of defendants' actions.

## Count Eight - Civil Conspiracy

107. Plaintiff incorporates all allegations of this pleading as if fully rewritten herein.
108. Defendants created joint collection platforms and strategies and acted in concert with each other under an agreement to commit the unlawful acts described above, and to initiate court actions in an unlawful manner.
109. In accordance with agreement, plan or understanding, one or more of the defendants did commit the above described unlawful acts against plaintiff and the class.
110. Plaintiff and the class suffered injury as a result of these actions.
111. Defendants therefore committed the tort of civil conspiracy.

## Damages

112. Plaintiff and the class suffered damages as a result of defendants' violations.
113. Plaintiff and each member of the class described above have been or may be injured by defendants' unlawful acts and practices, in one or more of the following ways:
    a. Monetary, emotional distress, aggravation, embarrassment, shame, humiliation, injury to reputation or credit injuries.
    b. Expenditure of money, time or effort in resisting defendants' illegal actions, including payment of attorney fees.
    c. Creation of an unlawful and fictitious indebtedness, for which the consumer is ostensibly liable.
    d. Payment of the charges which are unreasonable, unnecessary or a penalty.

    WHEREFORE, plaintiff respectfully requests that judgment be entered against defendants for the following:
    a. Certify a class and appoint Plaintiff as class representative and the undersigned counsel as class counsel.
    b. Award statutory, punitive, and compensatory damages. To comply with Civil Rule 8(A), Plaintiff states that relief sought in the Complaint, including class relief, may exceed $25,000.00.
    c. Provide injunctive relief to the class restraining defendants from filing court actions prohibited by the Agreement, and from collecting or attempting to collect debt from the persons subjected to such unlawful conduct.

d. Order defendants to establish procedures which will prevent attempts or actions to collect debt through conduct, as alleged in this case.
e. Order defendants to operate according to procedures which will prevent attempts or actions to collect debt through conduct, as alleged in this case.
f. Order defendants to refrain from all debt collection activities for a period of years as the court in its discretion may determine.
g. Award attorney's fees, costs, and expenses.
h. Award any other relief to which Plaintiff and the class may be entitled to in law or equity.
i. Make declaratory judgments and order such other and further relief as may be just and proper.

Respectfully submitted with a demand for a jury trial on all issues.

*Anand N. Misra*

Anand N. Misra (#0067594)
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122
(216) 752-3330
misraan@misralaw.com

Robert S. Belovich (#0024187)
Robert S. Belovich, Attorney, LLC
8227 Brecksville Rd., Suite 201
Brecksville, OH 44141-1363
(440) 503-8770
rsb@belovichlaw.com

Attorneys for Plaintiff