# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ROXANNE SELLARDS, et al., on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., et al.,<br><br>Defendants. | CASE NO. 1:20-CV-02676<br><br>JUDGE CHARLES E. FLEMING<br><br>MAGISTRATE JUDGE THOMAS M. PARKER<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS COUNSEL, PRELIMINARILY APPROVING CLASS-ACTION SETTLEMENT, AND APPROVING FORM AND MANNER OF NOTICE** |

This cause is before the Court on the parties' March 31, 2023 Joint Motion for Preliminary Approval of Class Settlement (ECF No. 34) and the Report and Recommendation issued by Magistrate Judge Thomas Parker on May 2, 2023 (ECF No. 39), recommending certification of the class for judgment on the proposed settlement agreement only, appointing Robert Belovich and Anand Misra as class counsel, preliminarily approving the class-action settlement described in the Settlement and Release Agreement (the "Settlement Agreement") (ECF No. 39-2), and approving the form and manner of the notice to be issued to class members (*see* ECF No. 39-1). The Court has reviewed and considered all documents filed in connection with the Joint Motion, including the Settlement Agreement and Notice, and hereby **ADOPTS** the Report and Recommendation of Magistrate Judge Parker. Capitalized terms shall bear the same meaning as they are defined in Section 3 of the Settlement Agreement unless otherwise indicated.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this Action and jurisdiction over the parties.

2. For settlement purposes only, this Action may be maintained as a class action under Federal Rule of Civil Procedure 23 on behalf of a class under the Settlement Agreement (the "Settlement Class"), defined as follows[1]:

> The Class membership consists of the 238 individuals, encompassed in the class membership subject to the Caszatt Final Order, who did not receive payment under the Caszatt Final Order but were entitled to the order's protections and yet had debt collection activities by the Defendants taken against them.

3. In light of the Settlement Agreement and the resulting elimination of individual issues that may otherwise have precluded certification of a litigation class, the prerequisites to class certification under Rule 23(a) are satisfied, to wit:

   a. The Settlement Class is so numerous that joinder of all Class Members is impracticable;

   b. There are questions of law and fact common to members of the Settlement Class, including the central question of whether Defendants breached the Caszatt Settlement Agreement to the detriment of the Class Members by conducting prohibited collection activities;

   c. The claims of the Class Representative, Roxanne Sellards, are typical of the claims of the Class Members; and

   d. The Class Representative, represented by counsel experienced in complex litigation, will fairly and adequately protect the interests of the Settlement Class.

4. In light of the Settlement Agreement and the resulting elimination of individual issues that Defendants contend preclude certification of a litigation class, the questions of law and

---

[1] The "Caszatt Final Order" refers to the final order entered on March 5, 2015, in the class action settlement made by the Lake County, Ohio Court of Common Pleas in the case of *Asset Acceptance, LLC v. Caszatt*, Case No. 08 CV 002587.

fact common to all Class Members predominate over questions affecting only individual Class Members, and certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

5.  If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, the Settlement Class shall be decertified, all parties' rights to litigate all class-related issues will be restored to the same extent as if the Settlement Agreement had never been executed, and no party shall assert that another party is estopped to take any position relating to class certification.

6.  Roxanne Sellards is hereby designated as the Class Representative for the Settlement Class.

7.  Robert Belovich and Anand Misra are designated and authorized to act as the Settlement Class Counsel.

8.  The terms and conditions set forth in the Settlement Agreement, including the provision for substantial cash payments to be made by Defendants to the Class Representative, Class Counsel, and Settlement Class Members, place the Settlement Agreement within the range of fair, reasonable, and adequate settlements.  The Court therefore **PRELIMINARILY APPROVES** the Settlement Agreement and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are thereby triggered.

9.  A hearing (the "Fairness Hearing") shall be held, consistent with Paragraph 8.3 of the Settlement Agreement, before Magistrate Judge Thomas Parker at a date and time selected by Magistrate Judge Parker's chambers.  The date of the Fairness Hearing must be included in the Notice.  The purpose of the Fairness Hearing is to (a) determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and should be finally approved; (b) determine

whether an order and judgment should be entered dismissing the claims of the Class Members, thereby concluding the litigation of those claims; and (c) consider other Settlement-related matters. The Court may adjourn, continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to the Class Members. The Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to Class Members.

10. Claims administration shall be divided between the parties as described in the Settlement Agreement, to wit: Defendants will deliver the Notice and the Settlement Payment to Class Members. All other functions associated with administration of the Class, including corresponding with Class Members about the Settlement and receipt of objections, shall be performed by Class Counsel.

11. The Court has reviewed the Notice of Proposed Class Action Settlement (ECF No. 39-1) attached to the Report and Recommendation (the "Notice"). The Court approves the Notice as to form, including the disputed language concerning the contempt order and later finding of contempt, with the following additional language to be added:

    a. Under "**WHO IS A MEMBER OF THE CLASS**": The Class membership consists of the 238 individuals, encompassed in the class membership subject to the Caszatt Final Order (discussed below), who did not receive payment under the Caszatt Final Order but were entitled to the order's protections and yet had debt collection activities by the Defendants taken against them.

    b. Under "**CLAIMS RELEASED BY THIS SETTLEMENT**": The lawsuit alleges that the Defendants violated the Caszatt Final Order, in addition to the Fair Debt Collections Practices Act, the Ohio Consumer Protections Act, and

various other state laws. In exchange for the class member's release of those claims, the defendants agree to pay $500,000.

12. Defendants shall prepare and cause individual copies of the Notice to be sent by United States Mail, first class postage prepaid, to members of the Settlement Class in accordance with Section 9 of the Settlement Agreement. Defendants also shall mail copies of the Notice to any other potential Class Members that request copies or that otherwise come to its attention.

13. The Court finds that the foregoing plan for Notice to Class Members will provide the best notice practicable under the circumstances and is in compliance with the requirements of Rule 23 and applicable standards of due process.

14. Prior to the Fairness Hearing, counsel for Defendants and Class Counsel shall jointly file with the Court an affidavit from a representative of Defendants confirming that the plan for disseminating the Notice has been accomplished in accordance with the provisions of paragraphs 11 and 12 above.

15. Class Members who wish to exclude themselves from the Class must request exclusion within forty-five (45) days of the date of the initial mailing of Notice, and in accordance with the instructions set forth in the Notice. Class Members who do not submit timely and valid requests for exclusion will be bound by the terms of the Settlement Agreement in the event it is approved by the Court and becomes effective, and by any orders and judgments subsequently entered in this action, whether favorable or unfavorable. Class Members who submit timely and valid requests for exclusion will not be bound by the terms of the Settlement Agreement or by any orders or judgment subsequently entered in this action.

16. Class Members who do not request exclusion may submit written comments on or objections to the Settlement Agreement or other settlement-related matters (including attorneys'

fees) within forty-five (45) days of the date of the initial mailing of Notice. Any Class Member who has not requested exclusion may also attend the Fairness Hearing, in person or through counsel, and if the Class Member has submitted written objections, may pursue those objections. No Class Member, however, shall be entitled to contest the Settlement Agreement in writing and/or at the Fairness Hearing unless the Class Member has served and filed by first-class mail, postage prepaid and postmarked within forty-five (45) days of the date of the initial mailing of Notice, copies of the statement of objection, together with any supporting brief and all other papers the Class Member wishes the Court to consider, and a notice of appearance from counsel appearing at the Fairness Hearing on the Class Member's behalf, if any. Any such objection, brief, notice of appearance, or other related document must be filed with the Court at the following address:

> United States District Court
> for the Northern District of Ohio
> Carl B. Stokes United States Court House
> 801 West Superior Avenue
> Cleveland, Ohio 44113-1837

and served on Class Counsel:

> Robert S. Belovich, Esq.  
> Robert S. Belovich Attorney LLC  
> 8227 Brecksville Rd., Ste. 201  
> Brecksville, Ohio 44141  
> rbs@belovichlaw.com  
> (440) 503-8770
>
> Anand N. Misra, Esq.  
> The Misra Law Firm, LLC  
> 3659 Green Rd., Ste. 100  
> Beachwood, Ohio 44122  
> misraan@misralaw.com

Each statement of objection must identify:

    a. The name and address of the Class Member;

    b. The name and address of the Class Member's counsel, if any;

    c. The name and case number of this action; and

    d. In order to confirm Settlement Class membership, a sworn statement indicating that the Class Member (1) was subject to the Caszatt Final Order; (2) did not receive payment under

the Caszett Final Order; and (3) was entitled to the Caszett Final Order's protections, yet had debt collection activities by the Defendants taken against them.

Unless otherwise directed by the Court, any Class Member who does not submit a statement of objection in the manner specified above will be deemed to have waived any such objection.

17. During the Court's consideration of the Settlement Agreement and pending further order of the Court, all proceedings in this action, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

18. If the proposed Settlement Agreement is not approved by the Court or for any reason does not become effective, the Settlement Agreement will be regarded as nullified, certification of the Settlement Class for settlement purposes will be vacated, and the steps and actions taken in connection with the proposed Settlement Agreement, including this Order, shall become void and have no further force or effect. In such event, the parties and their counsel shall take such steps as may be appropriate to restore the pre-settlement status of the litigation.

19. Neither the Settlement Agreement nor the provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of the Class Representative, Class Counsel, Defendants, any Class Member, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses, or of any position on whether any claims may or may not be certified as part of a class action for litigation purposes.

20. The Court retains jurisdiction over this action, the parties, and all matters relating to the Settlement Agreement.

**IT IS SO ORDERED.**

**Date: May 25, 2023**

*/s/ Charles Fleming*
_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**