IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROXANNE SELLARDS, *et al.*, *on behalf of herself and all others similarly situated*, | ) Case No. 1:20-CV-02676 ) ) ) JUDGE CHARLES E. FLEMING |
| Plaintiffs, | ) ) MAGISTRATE JUDGE ) THOMAS M. PARKER |
| v. | ) ) |
| MIDLAND CREDIT MANAGEMENT, INC., *et al.*, | ) **REPORT AND RECOMMENDATION** ) ) |
| Defendants. | ) |

This matter arose out of a 2015 class action settlement against defendant Asset Acceptance, LLC that prohibited the defendants from conducting specified debt collection activities against members of the settlement class. See ECF Doc. 34-1 at 1-2. Roxanne Sellards, a member of the 2015 settlement class, filed this action alleging violations of the 2015 class settlement agreement. Defendants removed the case to this court. After extensive negotiations, the parties reached a preliminary class action settlement. Conditioned upon the parties making certain changes in their agreement, I recommended that the Court approve the agreement. *See* ECF Doc. 39.

On May 25, 2023, the Court adopted the report and recommendation and preliminarily adopted the parties' proposed settlement agreement. *See* ECF Doc. 40. Also on May 25, 2023, the parties were ordered to make any necessary adjustments to the proposed settlement offer as

described in the report and recommendation and to notify class members accordingly.  *See* Order [non-document] of May 25, 2023.

On September 18, 2023 the parties participated in fairness hearing before me as a predicate to obtaining final approval of the parties' proposed settlement agreement.  *See* Minutes of proceedings [non-document], September 18, 2023.  No objections were made by any party or putative class member to the proposed class action settlement agreement or in regard to the process used to notify class members of the proposed settlement.  At the conclusion of the fairness hearing, the parties were directed to file, by September 25, 2023, a proposed order that would grant final approval of the class action settlement agreement together with an affidavit describing the notice procedure.

On September 21, 2023, defendants filed a declaration of delivery of notice to class members.  ECF Doc. 41.  On September 25, 2023, the defendants filed a proposed order that would grant final approval of the class settlement.  ECF Doc. 42.

The parties' proposed order incorporates all aspects of the May 25, 2023 order granting preliminary approval and states that the final settlement agreement to be adopted is that which was attached as Exhibit 2 to the May 25, 2023 order.  See ECF Doc. 42-1 at 2-3.  While there was no Exhibit 2 to the May 25, 2023 order, this court interprets that the parties are referencing Exhibit 2 to the May 2, 2023 order, which was the revised settlement agreement that this court recommended for adoption on May 2, 2023 and which was ultimately adopted by the Court on May 25, 2023.

Because no class member or party has objected to any of the class notice procedures, as described in the declaration filed on September 21, 2023, or as described at the September 18, 2023 fairness hearing; and because no class member or party has objected to the settlement

2

agreement preliminarily approved by the Court, I recommend that the parties' final class action settlement agreement, as revised and entered on the docket in this matter as Exhibit 2 to ECF Doc. 39, be approved as described in the parties' proposed order approving of the final class settlement agreement be issued in this matter, ECF 42.

Dated: September 26, 2023

Thomas M. Parker
United States Magistrate Judge

---

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).